NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
JEANETTA DAVIS,                                 :
                                                              :
    Plaintiff,                                         :         Civil Action No. 15-5191 (SRC)
                                                              :
v.                                                            :         **OPINION**
                                                              :
COMMISSIONER OF SOCIAL             :
SECURITY,                                            :
                                                              :
    Defendant.                                       :
_____:

**CHESLER, District Judge**

    This matter comes before the Court on the appeal by Plaintiff Jeanetta Davis ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

    In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning March 1, 2011. A hearing was held before ALJ Richard West (the "ALJ") on December 13, 2013, and the ALJ issued a partially favorable decision on February 27, 2014, finding Plaintiff disabled with a date of onset of May 14, 2013. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

    In the decision of February 27, 2014, the ALJ found that, at step three, Plaintiff did not

meet or equal any of the Listings. At step four, the ALJ found that, as of May 14, 2013, Plaintiff retained the residual functional capacity to perform sedentary work, with certain limitations, including the inability to use a computer keyboard for more than four hours per workday. At step four, as of May 14, 2013, the ALJ also found that Plaintiff did not retain the residual functional capacity to perform her past relevant work. At step five, the ALJ consulted the Medical-Vocational Guidelines and found that, as of May 14, 2013, there are no jobs that exist in significant numbers in the national economy that Plaintiff can perform. The ALJ concluded that Plaintiff was disabled within the meaning of the Act, as of May 14, 2013.

  Because the ALJ issued a partially favorable decision, the only matter for review is the date of onset of disability. On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on two grounds: 1) the ALJ improperly evaluated the medical evidence; and 2) the ALJ erred in finding that Plaintiff could perform her past relevant work prior to the date of onset.

  Plaintiff first raises the issue of the ALJ's weighting of Plaintiff's subjective complaints. The ALJ found Plaintiff's complaints credible as of the date of onset, but not before. Although the ALJ does not spell this out, it is clear that he based his credibility determination on the extent to which the complaints were supported by objective medical evidence, and he concluded that the objective medical evidence showed disability beginning on the date of onset. Thus, to prevail on this point, Plaintiff must show that ALJ's determination of the date of onset is not supported by substantial evidence.

  Plaintiff herself points out that the ALJ's determination is based on the records of treating physician Dr. Ayub, as well as the evaluation by Dr. Sahota. (Tr. 389-416.) Plaintiff states:

2

"There are no medical findings to prevent Judge West from choosing any other date." (Pl.'s Br. 14.) That does not relate to the standard of review this Court must apply, which asks whether the ALJ's decision was supported by substantial evidence. The records of treating physician Dr. Ayub constitute substantial evidence of disability with a date of onset of May 14, 2013.

Plaintiff references SSR 83-20, "Onset of Disability," but does not flesh out an argument based on it. Plaintiff points to the parts of the Ruling that deal with cases in which onset of disability occurred so long ago that supporting medical records are unavailable. Such is not the case here: the record contains ample documentation of medical treatment in the years Plaintiff contends are relevant.

As stated, the ALJ made clear that, as to Plaintiff's subjective complaints, he based his credibility determination on the degree of support from the objective medical evidence. Plaintiff has failed to persuade this Court that the ALJ's reading of the objective medical evidence is not supported by substantial evidence.

Plaintiff next challenges the ALJ's finding that Plaintiff could perform her past relevant work prior to the date of onset, but stands the law on its head. Plaintiff argues:

> There must be some medical opinion from an examining physician which supports the Administrative Law Judge's residual functional capacity finding. In the absence of such an opinion, the Administrative Law Judge's residual functional capacity finding cannot stand.

(Pl.'s Br. 20.) Plaintiff here is confused. As this Court just found, the ALJ's residual functional capacity determination, finding disability as of May 14, 2013, is supported by evidence from two physicians. Plaintiff argues as if the law accords her the presumption of disability, which the Commissioner must rebut. This is incorrect. As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how her impairments, whether

individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).  In this context, this means that Plaintiff bears the burden of proving that she was disabled from her claimed date of onset forward.

Plaintiff argues that the ALJ erred at step five by presenting a hypothetical to the vocational expert that did not contain all of Plaintiff's limitations.  As the Commissioner points out, the ALJ decided step five in Plaintiff's favor.  The step five analysis did not have any role in the ALJ's decision about the date of onset.

Plaintiff has failed to persuade this Court that the ALJ erred in his decision about the date of onset.  This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

   s/ Stanley R. Chesler     
STANLEY R. CHESLER, U.S.D.J.

Dated: August 29, 2016